**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiffs,*
Irma Fernandez and Patricia Fernandez

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IRMA FERNANDEZ and PATRICIA FERNANDEZ,**<br><br>Plaintiffs,<br><br>vs.<br><br>**DEBT ASSISTANCE NETWORK, LLC,**<br><br>Defendant(s). | Case No.: **'19CV1442 BEN JLB**<br><br>**COMPLAINT FOR VIOLATIONS OF**<br><br>**I. THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. §§ 1679, ET SEQ.;**<br>**II. THE CALIFORNIA CREDIT SERVICES ACT, CAL. CIV. CODE §§ 1789.10, ET SEQ.;**<br>**III. THE CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. CODE §§ 1750, ET SEQ.;**<br>**IV. CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.**<br>**V. BREACH OF CONTRACT**<br>**VI. NEGLIGENCE**<br>**VII. INTENTIONAL MISREPRESENTATION**<br>**VIII. NEGLIGENT MISREPRESENTATION**<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## INTRODUCTION

1.  Plaintiffs Irma Fernandez and Patricia Fernandez ("Plaintiffs"), consumers who purchased credit repair services from Defendant DEBT ASSISTANCE NETWORK, LLC ("Defendant" or "DAN"), by and through Plaintiffs' attorneys, bring this action to challenge Defendant's unlawful conduct and unfair business practices as a credit repair organization offering credit repair services, which conduct caused Plaintiffs' damages.

2.  Defendant charges consumers fees and represents that it provides debt relief, debt negotiation, and debt management services to Plaintiffs and similar consumers to eliminate or reduce their debts and, either expressly or impliedly, ultimately improve their credit scores, credit reports, or credit worthiness. Defendant preys on consumers like Plaintiffs who find themselves deeply in debt or with poor credit, and are therefore especially susceptible to Defendant's illegal and deceptive practices.

3.  In enacting the Credit Repair Organizations Act, 15 U.S.C. §§ 1679, *et seq.* ("CROA"), Congress declared that "[c]ertain advertising and business practices of some companies engaged in the business of credit repair services have worked a financial hardship upon consumers, particularly those of limited economic means and who are inexperienced in credit matters." 15 U.S.C. § 1679(a)(2).

4.  The purposes of the CROA is (1) to ensure that prospective buyers of the services of credit repair organizations are provided with the information necessary to make an informed decision regarding the purchase of such services; and (2) to protect the public from unfair or deceptive advertising and business practices by credit repair organizations. 15 U.S.C. § 1679(b)(1); 15 U.S.C. § 1679(b)(2).

5.  CROA prohibits a variety of false and misleading statements, and fraud, by credit repair organizations ("CROs"). CROs may not receive payment before any promised service is "fully performed." Services must be under written contract,

1   which must include detailed descriptions of services and contract performance

2   time. CROs must provide consumers with separate written disclosure statements

3   describing the consumer's rights before entering into the contract. Consumers

4   can sue to recover the greater of the amount paid or actual damages, punitive

5   damages, costs, and attorney's fees for violations.

6.  Plaintiffs allege that Defendant operates an elaborate scheme to defraud debtors

7   that preys on consumers who are drowning in credit card and unsecured debt.

8   Defendant targets consumers like Plaintiffs, specifically those with larger debts,

9   who are unable to make minimum payments or who will soon be unable to make

10  such payments or who have a less than ideal credit history and/or score.

7.  Defendant fraudulently claims to act as a credit repair and debt relief company

that offers debt settlement and credit repair services in an attempt to avoid strict

consumer protection regulations enacted to protect vulnerable and unknowing

consumer debtors.

8.  Plaintiffs allege that Defendant violated: (i) the Credit Repair Organizations Act

("CROA"), 15 U.S.C. §§ 1679, *et seq*.; (ii) the California Credit Services Act,

Cal. Civ. Code §§ 1789.10, *et seq*.; (iii) the Consumers Legal Remedies Act

("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.; (iv) California's Unfair Competition

Law ("UCL"), California Business & Professions Code §§ 17200, *et seq*., and is

also liable for (v) breach of contract; (vi) negligence; (vii) intentional

misrepresentation; and (viii) negligent misrepresentation.

9.  Plaintiffs make these allegations on information and belief, with the exception of

those allegations that pertain to Plaintiffs' counsel, which Plaintiffs allege on

personal knowledge.

10. While many violations are described below with specificity, this Complaint

alleges violations of the statutes cited in their entirety.

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**JURISDICTION AND VENUE**

11. This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §§ 1679, *et seq.* as this action arises from violations of federal law; and this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiffs' California state law and common law claims.

12. Because Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs reside in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; (iii) the agreement entered into between Defendant and Plaintiffs was executed in this county; and (iv) Defendant conducts business within this judicial district.

**PARTIES**

14. Plaintiff Irma Fernandez is a natural person who resides in the County of San Diego, State of California, who contracted with Defendant based on Defendant's representation that it would sell, provide, or perform a service for the purpose of advising or assisting Plaintiffs with their debt and to improve Plaintiffs' consumer credit record, history, or rating.

15. Plaintiff Patricia Fernandez is a natural person who resides in the County of San Diego, State of California, who contracted with Defendant based on Defendant's representation that it would sell, provide, or perform a service for the purpose of advising or assisting Plaintiffs with their debt and to improve Plaintiffs' consumer credit record, history, or rating.

16. Defendant is a "credit repair organization" as defined by 15 U.S.C. § 1679a(3)(A) providing "credit repair services" as defined by 15 U.S.C. § 1679b.

17. Plaintiffs and Defendant are each "person[s]" as defined by Cal. Business & Professions Code § 17201. Cal. Business & Professions Code § 17206 authorizes

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

a private right of action on both an individual and representative basis.

18. Plaintiffs are each a "consumer" as defined pursuant to Civil Code § 1761(d).

19. Defendant's debt settlement and credit repair program constitutes "services" as defined pursuant to Civil Code Section 1761(b).

20. Defendant is a Nevada limited liability company organized and existing under the laws of the State of Nevada with its principal place of business in Las Vegas, Nevada.

**FACTUAL ALLEGATIONS**

21. Sometime prior to November 2016, Plaintiffs are alleged to incurred certain financial obligations to several original creditors that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore debts.

22. Plaintiffs learned of Debt Assistance Network ("DAN") through Defendant's radio advertisement, which advertised and offered debt consolidation, debt settlement, debt relief, and improved credit through the DAN Program.

23. On or about November 20, 2016, Plaintiffs entered into a contract with Defendant entitled "Consumer Tender Of Offer and Debt Assumption Agreement" to receive Defendant's assistance with debt settlement and to improve Plaintiffs' consumer credit record, history, or rating with credit reporting agencies.

24. Defendant advertises and holds itself out as being in the business of providing debt settlement, debt relief, debt resolution, credit repair, and credit restoration services to consumers.

25. Specifically, the first page of DAN's contract with Plaintiffs states:

   "In searching for a solution to my debt problems, I am seeking the assistance of DAN in minimizing the damage that might have or will result from my present situation.

   The purpose of this agreement is to employ the use of DAN's expertise in assisting me to accomplish the following consumer benefits:

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**My open accounts with original creditors:**
To convince my creditors to agree to amend my existing agreements with new terms and conditions, e.g. 0% interest, no late fees, no over limit charges or reporting adverse account information to credit reporting agencies, and other more favorable terms."

26. Under the "Services provided to [Plaintiffs] by DAN," DAN contractually agreed to make payments on the accounts enrolled with DAN.

27. In addition, under the "Services provided to [Plaintiffs] by DAN," DAN contractually agreed to provide the client with a local attorney for representation and defense if a client was sued regarding an alleged debt.

28. Pursuant to DAN's contract, and to facilitate DAN's services to Plaintiffs, Plaintiffs provided DAN with a list of debt and account information for four (4) accounts which Plaintiffs had balances on and Plaintiffs had been making payments on prior to the agreement with DAN.

29. At the time Plaintiffs entered into the contract with DAN, Plaintiffs were not in default on the accounts enrolled with DAN and the accounts had not been charged off by Plaintiffs' creditors. Collectively, Plaintiffs had a total alleged debt of $17,268.00 related to the four (4) accounts enrolled with DAN.

30. DAN required Plaintiffs to pay an initial account set up fee of $250 plus $100 per account enrolled with DAN.  In addition, DAN required a "debt Assumption fee" of $7,770.60 plus an "account maintenance fee" of $59.95 per month.

31. Pursuant to Defendant's contract, Plaintiffs were required to pay DAN a "down payment" of $650.00 followed by monthly payments of $310.65 for 31 months beginning January 2017 until July 2019; and further monthly payments of $59.99 for the subsequent 5 months from August 2019 until December 2019.

32. Defendant required Plaintiffs provide DAN with limited Power of Attorney to provide its services with regard to Plaintiffs' accounts. DAN further required Plaintiffs to forward mail all further statements and communications from creditors regarding enrolled accounts to DAN's address, "including collection

letters, attorney letters, summons etc." and asked that Plaintiffs not discuss their financial situation or resolution of the accounts with creditors or collectors "in order not to confuse or interfere with the process of communications via mail being used by DAN." The contract also required that Plaintiffs agree not to close any of the credit accounts listed on the List of Debts or in the resolution process with DAN.

33. Once Plaintiffs entered into the contract with Defendant, Plaintiffs did not receive any further communication from its creditors as Defendant had diverted all communications from Plaintiffs' creditors and directed Plaintiffs not to discuss their accounts with creditors or collectors, allowing Defendant to control any and all information Plaintiffs received from thereon from Plaintiffs' creditors regarding the accounts enrolled in Defendant's program.

34. Defendant's contract provides a "100% Guarantee Policy" which ensured that Plaintiffs would be provided a 100% refund for an account "in the very unlikely event a new agreement is not accepted by a qualified original creditor within 90 days of enrollment."

35. Defendant maintained an online portal through which Plaintiffs could access information regarding the status of each of its accounts placed with DAN. Plaintiffs checked their accounts through the online portal and as of January 1, 2017, each of the accounts were noted with "new terms have been accepted."

36. Based on DAN's representations to Plaintiffs and relying on the contract and no conflicting notices or information from DAN, Plaintiffs made the monthly payments as agreed to DAN. Based on the representations made by DAN, Plaintiffs believed that the money paid to DAN was subsequently being paid to Plaintiffs' creditors and relied on DAN to make the monthly payments to Plaintiffs' creditors pursuant to the "new terms" which were purportedly accepted by the creditors.

37. Through the online portal created by Defendant and offered to Plaintiffs, on or

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

about January 29, 2017, Defendant represented to Plaintiffs that "New terms have been accepted" on all accounts Plaintiffs had enrolled with Defendant.

38. Defendant's representation to Plaintiffs that "new terms had been accepted" by Plaintiffs' creditors was false and intentionally made to conceal the true facts as known by Defendant, misleading Plaintiffs to believe that Plaintiffs' creditors had accepted "new terms" and Defendant was performing its services as promised. Defendant knowingly made these false representations which were reasonably calculated to deceive Plaintiffs for the purpose of continuing to collect money from Plaintiffs for its "services."

39. These representations by Defendant did in fact deceive Plaintiffs, as Plaintiffs had relied on Defendant representations that "new terms have been accepted" by Plaintiffs' creditors and Plaintiffs continued making the scheduled payments to Defendant for its "services," believing that Defendant was in communication with Plaintiffs' creditors and Defendant was making the required payments to Plaintiffs' creditors as Defendant had promised and contractually agreed to do.

40. Defendant's false and misleading representations deceived Plaintiffs into believing there was no reason to be concerned about taking any independent action with respect to their creditors, as Plaintiffs relied on the "services" promised and agreed to in DAN's contract. As a result of Defendant's control and diversion of communications from Plaintiffs' creditors, and Defendant's continued false and misleading representations regarding Plaintiffs' accounts and Defendant's "services," Plaintiffs were mislead and deceived by Defendant and had no way to know they were in default on any accounts enrolled with DAN until Plaintiffs began receiving communications from debt collectors and collections attorneys related to the accounts.

41. In January 2018, Plaintiff Patricia Fernandez received a letter from the law firm Suttell & Hammer regarding an alleged debt related to a Discover enrolled with DAN.  Pursuant to DAN's instructions, and the contract, Plaintiffs forwarded

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

this letter to DAN.  Plaintiffs' online portal with DAN confirmed that DAN was in receipt of the letter and assured that Plaintiffs' cooperation with forwarding such correspondence to DAN would "aid [DAN] in providing maximum protection." Based on this and DAN's other representations to Plaintiffs, Plaintiff Patricia Fernandez believed that DAN would handle any response to the letter and any further communications required regarding the account.

42. In February 2018, Plaintiff Patricia Fernandez received a collection letter from The Best Service Company related to one of the San Diego County Credit Union accounts enrolled with DAN.  Pursuant to DAN's instructions, and the contract, Plaintiffs forwarded this letter to DAN.  Plaintiffs' online portal with DAN confirmed that DAN was in receipt of the letter. Based on this and DAN's other representations to Plaintiffs, Plaintiff Patricia Fernandez believed that DAN would handle any response to the letter and any further communications required regarding the account.

43. Subsequently, in March 2018, Plaintiff Patricia Fernandez received another letter from Suttell & Hammer regarding an alleged debt related to a Discover account enrolled with DAN.  Pursuant to DAN's instructions, and the contract, Plaintiff forwarded this letter to DAN.  Plaintiffs' online portal with DAN confirmed that DAN was in receipt of the letter. Based on DAN's representations to Plaintiffs, Plaintiff Patricia Fernandez believed that DAN would handle any response to the letter and any further communications required regarding the account.

44. Thereafter, on October 16, 2018, Plaintiff Patricia Hernandez was served with a summons and complaint related to a  collections action filed by Discover Bank in the Superior Court of California, County of San Diego against Plaintiff Patricia Fernandez seeking to collect upon an alleged debt owed on the Discover account which was enrolled with DAN.

45. Pursuant to DAN's explicit instructions, and the contract, Plaintiffs immediately forwarded the summons and complaint to DAN. Plaintiffs' online portal with

DAN confirmed that DAN was in receipt of the documents. Based on DAN's representations to Plaintiffs, Plaintiff Patricia Fernandez relied upon the representation and the parties' contractual agreement that DAN would provide legal representation to defend her in this lawsuit and believed that DAN had provided her with legal representation pursuant to the contract DAN presented to Plaintiffs.

46. Plaintiffs called DAN numerous times to inquire regarding the status of the lawsuit, however, Plaintiffs were provided with no response to Plaintiffs' inquiries. On one occasion, Plaintiffs spoke with the National Director of Affiliate Relations for DAN, Carole Carlson, who brushed off Plaintiffs' concerns and told Plaintiff that there were other DAN clients with "more pressing matters than hers."

47. Despite Defendant's representations and contractual duties owed to Plaintiffs, Defendant failed to provide Plaintiff Patricia Fernandez with legal representation and Defendant failed to file, or cause to be filed, a responsive pleading on Plaintiff Patricia Fernandez's behalf in the Discover collection action.

48. Ultimately, in February 2019, as a direct and proximate result of DAN's failure to provide Plaintiff Patricia Fernandez with legal representation in the lawsuit, Discover Bank entered default and obtained default judgment against Plaintiff Patricia Fernandez as no response had been filed on her behalf in the lawsuit.

49. DAN breached the contract with Plaintiffs by failing to provide Plaintiff Patricia Fernandez with legal representation in the Discover Bank lawsuit.

50. Plaintiffs are informed and believe that DAN breached the contract by failing to make payments as promised by Defendant pursuant to the parties' agreement on the four (4) accounts Plaintiffs had enrolled with DAN.

51. Plaintiffs are informed an believe that DAN breached the contract by failing to reach new agreements with new terms with Plaintiffs' creditors, despite Defendant's express representation that "new terms [had] been accepted" by

1   Plaintiffs' creditors.

2   52.   Plaintiffs relied upon DAN's representation that "new terms" were accepted by

3         each of Plaintiffs' creditors for the accounts enrolled with DAN; and were

4         misled by DAN's fraudulent representation that DAN had entered into new

5         contracts with Plaintiffs' creditors.

6   53.   Plaintiffs continued to reach out to DAN and Carole Carlson regarding Plaintiffs

7         accounts and the Discover account involved in the lawsuit, however, Plaintiffs

8         received no response to their inquiries from DAN or Carole Carlson.

9   54.   Ultimately, in February 2019, Plaintiffs ceased making further payments to

10        DAN. Prior to stopping payments to DAN, Plaintiffs had paid DAN the down

11        payment of $650.00 and made 26 monthly payments in the amount of $310.65 to

12        DAN for its debt consolidation, debt resolution, and credit repair services.

13  55.   Thereafter, Plaintiffs reached out to DAN several times, including via email to

14        Carole Carlson, and requested a refund as Plaintiffs were dissatisfied with

15        DAN's "services" and alarmed to learn that Plaintiffs were now in default on

16        their accounts entrusted to DAN, and Plaintiff had been sued by at least one

17        creditor as a result of DAN's conduct.

18  56.   In addition to the above breaches of the contract, DAN breached the contract

19        with Plaintiffs by failing to refund payments Plaintiffs provided to DAN when

20        DAN knew or should have known that no new terms had been accepted by

21        Plaintiffs' creditors and/or no new contracts had been entered into with the

22        creditors of Plaintiffs' accounts enrolled with DAN.

23  57.   Through this conduct Defendant has caused Plaintiffs damages including but not

24        limited to, loss of money, increased debt, damage to Plaintiffs' credit scores,

25        credit reports, credit worthiness, credit history and reputation.

26  58.   As a result of the damage to Plaintiffs' credit caused by Defendant, Plaintiffs

27        were both denied several applications for credit due to the derogatory credit

28        history, delinquent trade lines, and presence of collections accounts and public

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

records appearing on Plaintiffs' consumer credit reports as a result of Defendant's conduct, unlawful and unfair business practices, and Defendant's breaches of its own contract.

59. Through this conduct, Defendant violated 15 U.S.C. § 1679b(a)(3) by making an untrue or misleading representation regarding its credit repair and debt settlement services.

60. Through this conduct, Defendant violated 15 U.S.C. § 1679b(a)(4) by engaging directly or indirectly in any act, practice, or course of business that constitutes or results in the commission or attempt to commit a fraud or deception on a person in connection with the sale of Defendant's credit repair and debt settlement services.

61. Through this conduct, Defendant violated 15 U.S.C. § 1679b(b) by charging or receiving payment in advance for the performance of services the Defendant had agreed to perform for Plaintiff before the service was fully performed.

62. In addition, by advertising, offering, or selling loans that contain unlawful terms and are illegal under California and/or federal law, Defendant violated Civil Code § 1770(a)(26), of the CLRA which provides that it is unlawful to advertise, over for sale, or sell a financial product that is illegal under state or federal law.

63. Through this conduct, Defendant violated Cal. Bus. & Prof. Code §§ 17200, *et seq.* by engaging in unlawful business practices in violation of the Credit Repair Organizations Act, 15 U.S.C. §§ 1679, *et seq.* ("CROA"), the California Credit Services Act, Cal. Civ. Code §§ 1789.10, *et seq.*, and the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.,* as described above.

64. As a result of its unfair business practices, Defendant gained and continues to gain a competitive advantage over competitors who comply with the Credit Repair Organizations Act, 15 U.S.C. §§ 1679, *et seq.* ("CROA"), the California Credit Services Act, Cal. Civ. Code §§ 1789.10, *et seq.*, the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, and Bus. & Prof.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Code §§ 17200, thereby receiving more money from, and causing injury to, unsuspecting consumers and the general public.

65. Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices that are immoral, unethical, oppressive or unscrupulous, and against public policy, the utility of such conduct, if any, being far outweighed by the harm done to consumers.

66. Through this conduct, Defendant violated California Business and Professions Code §§ 17200, *et seq.* and engaged in business practices that are deceptive because Defendant misrepresented its services and the work done by DAN on the accounts Plaintiffs enrolled with Defendant.

67. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, prohibited and in violation of Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*

68. Defendant's conduct is likely to deceive the public who are likely to believe that Defendant may contractually charge a retainer fee, service fee, or pressure consumers to pay DAN a monthly fee for Defendant's purported debt consolidation, debt resolution, and credit repair services.

69. As a result of each and every violation of the UCL, Plaintiffs are entitled to damages pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* as a result of Defendant's unlawful, unfair, and deceptive business practices. Defendant should be required to make restitution of such charges and fees acquired by Defendant, including interest on the sum from the dates of payment plus interest.

70. Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that they are working with a company that actually provides debt consolidation, debt resolution, and credit repair services.

71. Consumers are further misled into believing that Defendant's program will result in a net benefit to their credit score, report, or rating as long as they fully participate and make the payments as scheduled by Defendant.

72. Plaintiffs, reasonable consumers, and the public would likely be, and, in fact were, deceived and misled by Defendant's advertising that participating in its program for the duration calculated by Defendant would reduce Plaintiffs' debt and improve Plaintiffs' long-term credit score, credit report, or credit rating.

73. Defendant's unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue or misleading advertising present a continuing threat to the public because Defendant continues to engage in unlawful, unfair, and deceptive conduct that harms consumers.

74. Defendant engaged in these unlawful, unfair, and fraudulent business practices motivated solely by Defendant's self-interest with the primary purpose of collecting monies from Plaintiffs, thereby unjustly enriching Defendant.

75. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent and constitute a violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*.

76. As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public.

77. Through this conduct, Defendant violated Cal. Bus. & Prof. Code §§ 17200, *et seq.* by engaging in business practices that are unlawful, unfair, or fraudulent.

78. As a direct and proximate result of Defendant's unlawful, unfair and fraudulent conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers like Plaintiffs, who unwittingly provided money to Defendant based on Defendant's misleading representations. This conduct caused Plaintiffs damages and requires, among other things, restitution and injunctive relief to remedy and prevent further harm.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1   Plaintiff seeks disgorgement of ill-gotten profits, statutory damages, punitive

2   damages, interest, injunctive relief, and attorney's fees and costs.

**CAUSES OF ACTION CLAIMED BY PLAINTIFFS**

**COUNT I**

**VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT**

**15 U.S.C. §§ 1679,** *ET SEQ.* **(CROA)**

79.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

80.   The foregoing acts and omissions constitute numerous and multiple violations of the CROA.

81.   Defendant is a credit repair organization ("CRO") because it counsels and advises consumers of the benefits and drawbacks of different types of credit repair services and then instructs consumers to take a course of action – to cease making any payments on accounts, cease any communication with creditors or collectors, refrain from closing any accounts, and forwarded any and all communications from creditors or collectors to Defendant  – all in exchange for the promise of elimination of debt, improvement to Plaintiffs' credit rating, credit history, and/or credit score.

82.   Moreover, Defendant convinces consumers to enroll in its program based on the misleading representation that its program is superior to other services, despite the immediate negative credit implications, because consumers will be able to reduce their debt load and make debt uncollectible, ultimately resulting in elimination of debt and improvement of their credit worthiness.

83.   As a result of each and every violation of the CROA, Plaintiffs each individually demand that Defendant be ordered to pay Plaintiffs actual damages, punitive damages, and attorney's fees pursuant to 15 U.S.C. § 1679g.

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1
2
3

**COUNT II**

**VIOLATIONS OF CALIFORNIA'S CREDIT SERVICES ACT**

**CAL. CIV. CODE §§ 1789.10, *ET SEQ.***

4 84. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint
5      as though fully stated herein.

6 85. Defendant is a "credit services organization" as defined by Cal. Civ. Code §
7      1789.12, as it offers to sell, provide, or perform a service in return for the
8      payment of money or other valuable consideration, for the express or implied
9      purpose of (1) improving a consumer's credit record, credit history, or credit
10     rating; or (2) providing advice or assistance to a consume with regard to any
11     such activity or service.

12 86. Plaintiffs reasonably believed based on Defendant's representations that their
13     credit would improve if Plaintiffs engaged Defendant's services, and
14     Defendant's contract and conduct at least implied that such would be the result
15     of their enrollment in Defendant's program.

16 87. As a credit services organization, it is unlawful for Defendant to make or use any
17     untrue or misleading representation in the offer or sale of its services, or to
18     engage, either directly or indirectly, in any act, practice, or course of business
19     that constitutes or results in the commission of, or an attempt to commit, a fraud
20     or deception on any person in connection with the offer or sale of its services.

21 88. As set forth in greater detail above, Defendant has engaged in such untrue or
22     misleading representations regarding its services, and has attempted to commit a
23     fraud or deception on Plaintiffs, who are  consumers who used Defendant's
24     services, by claiming Defendant would provide services that they would not and
25     did not in fact provide Plaintiffs.

26 89. In addition, prior to the full and complete performance of the services it
27     allegedly agreed to provide, Defendant charged and received money from
28     Plaintiffs prior to the full performance of the services that it claimed it would

perform on their behalf, and failed to fully do so within the six (6) months following the date the above-mentioned  "Consumer Tender of Offer and Debt Assumption Agreement" was executed by the parties. As alleged above, such conduct also violates the CROA, 15 U.S.C. §§ 1679, *et seq*.

90. In addition, to the extend Defendant's form consumer contracts and disclosure documents do not comply with Sections 1789.14, 1789.15, and 1789.16 of the Credit Services Act, Defendant's contract with Plaintiffs shall be void and unenforceable.

91. If Defendant's contract with Plaintiffs is void, then all payments made by Plaintiffs pursuant to the contract should be returned to Plaintiffs.

92. In addition, Defendant must comply with the bond requirements as set forth in Civil Code 1789.18, which provides, among other things, that no credit services organization shall conduct business in this state unless the credit services organization has first obtained a surety bond in the principal amount of one hundred thousand dollars ($100,000); and shall be maintained for two (2) years following the date with the credit services organization ceases to conduct business in the state.

93. As Defendant has failed to comply with numerous relevant provisions of the Credit Services Act, Cal. Civ. Code §§ 1789.10, *et seq*., both through the representations Defendant made to Plaintiffs, the money Defendant charged and took from Plaintiffs, and Defendant's failure to provide a contract with the disclosures required under the Credit Services Act, Defendant is liable for Plaintiffs' actual damages, in amount no less than the amounts Plaintiffs paid to Defendant, as well as injunctive relief, and punitive damages.

94. In addition, Plaintiffs are entitled to reasonable attorneys' fees and litigation costs pursuant to Cal. Civ. Code § 1789.21(b) to be paid by Defendant.

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## COUNT III

## VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT

## CAL. CIV. CODE §§ 1750, ET SEQ. (CLRA)

95. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

96. California Civil Code §§ 1750, *et seq.*, entitled the Consumers Legal Remedies Act ("CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

97. Defendant's debt settlement and credit repair program constitutes "services" as defined pursuant to Civil Code § 1761(b).

98. Plaintiffs are each a "consumer" as defined pursuant to Civil Code § 1761(d).

99. Plaintiffs' agreement and enrollment with Defendant for the DAN program constituted a "transaction" as defined pursuant to Civil Code Section 1761(e).

100. By advertising, offering, or selling the its services and DAN Program, which was illegal under California and/or federal law, Defendant violated Civil Code § 1770(a)(26), which provides that it is unlawful to advertise, over for sale, or sell a financial product that is illegal under state or federal law.

101. On information and belief, Defendant's violations of the CLRA set forth herein were done with awareness of the fact that the conduct alleged was wrongful under California law and was motivated solely for Defendant's self-interest, pecuniary gain, and increased profits.

102. Plaintiffs further allege that Defendant committed these acts knowing the harm that would result to Plaintiffs, and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge for Defendant's own benefit.

103. Plaintiffs each  suffered an "injury in fact" because Plaintiffs' money was taken by Defendant, as a result of Defendant's conduct alleged herein.

104. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiffs and the general public are entitled to a declaration that Defendant violated the CLRA.

105. Plaintiffs and the general public are also entitled to and do seek injunctive relief prohibiting such conduct in the future and to recover money damages.

## COUNT IV

### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.* (UCL)

106. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

107. The foregoing acts and omissions constitute numerous and multiple violations of the California's Unfair Competition Law ("UCL").

108. "Unfair competition" is defined by Bus. & Prof. Code §§ 17200, *et seq*. as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

109. By and through Defendant's conduct alleged herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising prohibited by Bus. & Prof. Code §§ 17200, *et seq*.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### A.    "Unlawful Prong"

110. Beginning at a date currently unknown through the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*.

111. Through this conduct, Defendant violated California Business and Professions Code §§ 17200, *et seq.* and engaged in business practices that are unlawful because they violate the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679, *et seq.*, the California Credit Services Act, Cal. Civ. Code §§ 1789.10, *et seq.*, and the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*

### B.    "Unfair" Prong

112. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant has committed acts of unfair competition that are prohibited by Bus. & Prof. Code §§ 17200, *et seq.* the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679, *et seq.*, the California Credit Services Act, Cal. Civ. Code §§ 1789.10, *et seq.*, and the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*

113. Through this conduct, Defendant violated California Business and Professions Code §§ 17200, *et seq.* and engaged in business practices that are unfair because Defendant misrepresented and did not fully disclose material information regarding its program to Plaintiffs.

114. As a result of its unfair business practices, Defendant gains a competitive advantage over competitors who comply with the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679, *et seq.*, the California Credit Services Act, Cal. Civ. Code §§ 1789.10, *et seq.*, the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, and the UCL, Bus. & Prof. Code §§ 17200, thereby receiving more money from, and causing injury to,

unsuspecting consumers like Plaintiffs.

115. Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices that are immoral, unethical, oppressive or unscrupulous, and against public policy, the utility of such conduct, if any, being far outweighed by the harm done to consumers like Plaintiffs.

## C.   "Fraudulent" Prong

116. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, prohibited and in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in a pattern of "fraudulent" business practices within the meaning of Cal. Bus. & Prof. Code §§ 17200, *et seq.*.

117. Defendant is likely to deceive by its advertising and representations that by participating in the DAN program and making payments for the duration calculated by Defendant, Plaintiffs' would in return receive reduced or eliminated debt and improvement to Plaintiffs' credit score, credit report, or credit rating.

118. As a result of each and every violation of the UCL, Plaintiffs are entitled to damages pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* as a result of Defendant's unlawful, unfair, and deceptive business practices. Plaintiffs seek disgorgement of Defendant's ill-gotten profits, statutory damages, punitive damages, interest, injunctive relief, and attorney's fees and costs.

## D.   "Unfair, Deceptive, Untrue, or Misleading Advertising" Prong

119. Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that by participating in the DAN program and making payments for the duration calculated by Defendant, Plaintiffs' would in return receive reduced or eliminated debt.

120. Consumers are further misled into believing that Defendant's program will result

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

in a net benefit to their credit score, report, or rating as long as they fully participate and make the payments as calculated and scheduled by Defendant.

121. Plaintiffs, reasonable consumers, and the public would likely be, and, in fact were, deceived and misled by Defendant's advertising that participating in its program for the duration calculated by Defendant would reduce Plaintiffs' debt and improve Plaintiffs' long-term credit scores, credit reports, or credit ratings.

122. Defendant's unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue or misleading advertising present a continuing threat to the public because Defendant continues to engage in unlawful, unfair, and deceptive conduct that harms consumers.

123. Defendant engaged in these unlawful, unfair, and fraudulent business practices motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiffs, thereby unjustly enriching Defendant.

124. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent and constitute a violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*.

125. As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public.

126. Through this conduct, Defendant violated Cal. Bus & Prof. Code §§ 17200, *et seq.* by engaging in business practices that are unlawful, unfair, or fraudulent.

127. As a direct and proximate result of Defendant's unlawful, unfair and fraudulent conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiffs, who unwittingly provided money to Defendant based on Defendant's misleading representations. In addition, Plaintiffs have been misled by Defendant and suffered emotional and financial distress as a result of Defendant's conduct.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

128. Plaintiffs suffered an "injury in fact" because Plaintiffs' money was taken by Defendant as a result of Defendant's unlawful and unfair conduct and Defendant's false and misleading representations.

## COUNT V

## BREACH OF CONTRACT

129. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

130. Defendant presented Plaintiffs with the agreement for the DAN Program, entitled "Consumer Tender of Offer and Debt Assumption Agreement" and the parties entered into the contract for Defendant's debt relief and credit repair services on or about November 20, 2016.

131. Plaintiffs fulfilled Plaintiffs' obligations pursuant to the contract.

132. Defendant breached the parties' contract by failing to perform and provide services as promised according to the terms of the contract.

133. Defendant breached the contract by failing to make the required monthly payments to Plaintiffs' creditors related to the accounts enrolled with DAN under the agreement.

134. As a result of Defendant's failure to make payments on Plaintiffs' accounts enrolled in the DAN program, Plaintiffs' creditors have charged off the accounts, causing the accounts to go to debt collectors and collections attorneys, and Plaintiffs' credit scores, credit reports, credit worthiness, and credit reputation has been damaged as a result of Defendant's conduct.

135. Defendant breached the contract by failing to honor Defendant's "100% Guarantee Policy" provided in the contract.

136. Defendant breached the contract by failing to refund Plaintiffs' payments to Defendant when Defendant knew, or should have known, that no new contracts had been entered with the creditors and Plaintiff, as promised in the contract and under Defendant's "100% Guarantee Policy."

137. Defendant breached the contract by failing to provide Plaintiff Patricia Fernandez with "a local attorney for representation and defense" when Plaintiff was sued for a debt related to an account entrusted to Defendant in the contract as a result of Defendant's failure to modify Plaintiffs' agreements with their creditors and Defendant's failure to make payments due on Plaintiffs' accounts.

138. Defendant breached the contract by failing to provide Plaintiffs with access to contact with DAN representatives for information related to Plaintiffs' accounts enrolled in Defendant's DAN Program, or information related to Defendant's program and services.

139. Defendant's breach of the "Consumer Tender of Offer and Debt Assumption Agreement" caused damages to Plaintiffs, including but not limited to, loss of money, increased debt, damage to Plaintiffs' credit score, credit reports, credit worthiness, and reputation, including the collection lawsuit filed against Plaintiff Patricia Hernandez and the default judgment entered against her as a result of Defendant's breach of the duties Defendant owed Plaintiffs under the parties' contract and Plaintiffs' reliance on Defendant to provide services paid for and promised by the contract.

140. As a direct and proximate result of Defendant's conduct and numerous breaches of the parties' contractual agreement, Plaintiffs have each been damaged in an amount to be determined at trial, and are entitled to compensatory damages, plus interest, costs, and other such monetary or equitable relief as may be deemed proper by the Court.

## COUNT VI

### NEGLIGENCE

141. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

142. Defendant owed various duties to Plaintiffs with regard to its business practices pursuant to the CROA, the Credit Services Act, the CLRA, the UCL, and the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

DAN contract presented by Defendant to Plaintiffs and then entered into by the parties.

143. Defendant breached its duties owed to Plaintiffs by engaging in the acts described herein, each in violation of the statutes at issue herein, and contrary to the representations, promises, and guarantees provided by Defendant in the parties' contract.

144. Plaintiffs assert that Defendant is the actual and legal cause of Plaintiffs' damages.

145. Plaintiffs believe and thereon allege that as a proximate result of Defendant's negligence, Plaintiffs have suffered injury in the form of loss of money unlawfully and unfairly acquired by Defendant, increased debt, damage to Plaintiffs' credit score, credit reports, credit worthiness, and reputation, including the lawsuit filed against Plaintiff Patricia Hernandez and the default judgment entered against her as a result of Defendant's breach of the parties' contract and Plaintiffs' reliance on Defendant to provide services paid for and promised by the contract.

146. Due to the egregious violations alleged herein, Plaintiffs assert that Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross, and wantonly negligent manner. As such, said conduct establishes Defendant's conscious disregard for the rights of Plaintiffs, and entitles Plaintiffs to recover punitive damages from Defendant.

## COUNT VII

### NEGLIGENT MISREPRESENTATION

147. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

148. Defendant intentionally and willfully misrepresented the quality of the services offered to Plaintiffs and benefits that would be realized by Plaintiffs.

149. Said representations were material misrepresentations.

150. At all relevant times, Defendant made the false and misleading representations to Plaintiffs with full knowledge of their falsity.

151. Plaintiffs entered into a contract with Defendant based solely on the representations made by Defendant. At all relevant times, Defendant intended that Plaintiffs rely on the representations made by Defendant.

152. Plaintiffs did in fact rely on the misrepresentations by Defendant. causing Plaintiffs harm.

**COUNT VIII**

**INTENTIONAL MISREPRESENTATION**

153. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

154. Defendant intentionally and willfully misrepresented quality of the services offered and benefits that would be realized by Plaintiff.

155. Said representations were material misrepresentations.

156. At all relevant times, Defendant made false representations to Plaintiffs with full knowledge of its falsity.

157. At all relevant times Defendant intended that Plaintiffs rely on the representations made by Defendant.

158. Plaintiffs did in fact rely on the misrepresentations by Defendant, causing Plaintiffs harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant providing the following relief to Plaintiffs:

- Declaratory relief finding Defendant's conduct alleged herein be adjudged and decreed to violate the consumer protection statutes and claims asserted herein;

- That Defendant be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;

- That Defendant be disgorged of all monies wrongfully acquired and all ill-

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

- 26 -
COMPLAINT

gotten profits obtained by Defendant as a result of the conduct and practices alleged herein, allowing Plaintiffs to recover amounts by which Defendant has been unjustly enriched;

- As a result of each and every violation of the CROA, an award of actual damages, the greater of (1) the amount of any actual damages sustained by Plaintiffs or (2) any amount paid by Plaintiffs to Defendant, pursuant to 15 U.S.C. § 1679g(a)(1)(A)-(B);

- An award of punitive damages, in such amount as the Court may allow, pursuant to 15 U.S.C. § 1679g(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1679g(a)(3);

- An award of statutory damages as provided by applicable law;

- An award of actual damages in an amount to be determined at trial;

- An award of general damages in an amount to be determined at trial;

- An award of compensatory damages in an amount to be determined at trial;

- An award of special damages in an amount to be determined at trial;

- An award of punitive damages in amount to be determined at trial;

- An award granting Plaintiffs' attorneys' fees and costs of suit incurred herein;

- Pre-judgment interest and post-judgment interest as provided by law; and

- Any and all other relief the Court deems just and proper.

//
//
//
//
//
//
//
//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

COMPLAINT

## TRIAL BY JURY

159. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and hereby demand, a trial by jury.

Dated: August 1, 2019                     Respectfully submitted,

                                          **KAZEROUNI LAW GROUP, APC**


                                          By:   *s/ Abbas Kazerounian*
                                                ABBAS KAZEROUNIAN, ESQ.
                                                MONA AMINI, ESQ.
                                                *Attorneys for Plaintiffs*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

- 28 -
COMPLAINT