# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA FERNANDEZ, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>DEBT ASSISTANCE NETWORK, LLC,<br><br>　　　　　　　　Defendant. | Case No.: 19-cv-01442-MMA-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER; AND**<br><br>**(2) ISSUING AMENDED SCHEDULING ORDER**<br><br>**[ECF Nos. 21; 34; 35]** |

Before the Court is the parties' Joint Motion to Amend Scheduling Order. (ECF No. 35.) The parties request to extend the June 19, 2020 discovery cutoff by forty-five days and continue all subsequent dates and deadlines accordingly. (*Id.* at 3.) The parties represent that they require additional time to schedule multiple depositions, including the deposition of Defendant's Rule 30(b)(6) witness. (*Id.* at 2.) On June 17, 2020, the Court held a telephonic, counsel-only Status Conference regarding the parties' request. (ECF No. 37.)

///

///

After conferring with counsel for the parties, the Court finds good cause[1] to extend the discovery cutoff by forty-five days and continue all subsequent dates and deadlines accordingly. Therefore, the parties' joint motion (ECF No. 35) is **GRANTED**, and the Scheduling Order (ECF No. 21) and the Court's Order resetting and converting the Mandatory Settlement Conference (ECF No. 34) are amended as follows:

1. All fact discovery must be completed by all parties by **August 3, 2020**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel must file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

Discovery motions must be filed in the time and manner directed by Magistrate Judge Burkhardt (*see* Judge Burkhardt's Civil Chambers Rules on Discovery Disputes available on the Court's website). All discovery motions must be filed within 30 days of the service of an objection, answer, or response which becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel

---

[1] The parties' joint motion failed to address excusable neglect for filing the motion less than ten calendar days in advance of the June 19, 2020 discovery cutoff, as required by § III.C. of Judge Burkhardt's Civil Chambers Rules. The Court cautions the parties against further failure to comply with Chambers Rules.

(and any unrepresented parties) have met and conferred to resolve the dispute **and** complied with Section IV.B. of Judge Burkhardt's Civil Chambers Rules.

2. All expert discovery must be completed by all parties by **August 3, 2020**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

3. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

4. All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **August 31, 2020**.[2] Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

5. If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, after the expiration of the deadline set forth in paragraph 8, *supra*, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines. The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

6. A Mandatory Settlement Conference will be conducted by **video conference** on **August 17, 2020**, at **1:45 PM** before Judge Burkhardt. The parties shall follow the mandatory instructions set forth in the Court's Order resetting and converting the Mandatory Settlement Conference to a video conference. (ECF No. 34.) The parties must ///

---

[2] This deadline is not applicable to pretrial motions *in limine*. For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.

submit the required participant contact information to Judge Burkhardt's chambers (*see* ECF No. 34 ¶ 5) by **August 13, 2020**.

Counsel or any party representing himself or herself must submit confidential settlement briefs to Judge Burkhardt's chambers by **August 7, 2020**. The **confidential** settlement statements should be lodged by e-mail to efile_Burkhardt@casd.uscourts.gov. Each party's settlement statement shall concisely set forth the following: (1) the party's statement of the case; (2) the controlling legal issues; (3) issues of liability and damages; (4) the party's settlement position, including the last offer or demand made by that party; (5) a separate statement of the offer or demand the party is prepared to make at the settlement conference; and (6) a **list of all attorney and non-attorney conference attendees** for that side, including the name(s) and title(s)/position(s) of the party/party representative(s) who will attend and have settlement authority at the conference. If exhibits are attached and the total submission amounts to more than 20 pages, a hard copy must also be delivered directly to Magistrate Judge Burkhardt's chambers. **Settlement conference statements shall not be filed with the Clerk of the Court. Settlement conference statements may be exchanged confidentially with opposing counsel within the parties' discretion.**

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[3] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present

---

[3]   "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

7. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

8. The dates and times set forth herein will not be modified except for good cause shown.

9. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum will exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

10. Plaintiff's counsel must serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: June 22, 2020

Hon. Jill L. Burkhardt
United States Magistrate Judge