UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA FERNANDEZ, et al.,<br><br>                                   Plaintiffs,<br><br>v.<br><br>DEBT ASSISTANCE NETWORK, LLC,<br><br>                                   Defendant. | Case No.: 19-cv-01442-MMA-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO CONTINUE; AND**<br><br>**(2) ISSUING AMENDED SCHEDULING ORDER**<br><br>**[ECF Nos. 47; 57]** |

Before the Court is the parties' Joint Motion to Continue Discovery Cutoff and Dispositive Motion Deadline. (ECF No. 57.) The parties request a thirty-day extension of the October 2, 2020 discovery cutoff so that Plaintiffs may reschedule and take the deposition of Defendant's Federal Rule of Civil Procedure 30(b)(6) witness. (*Id.* at 2.) The parties provide that Defendant's Rule 30(b)(6) witness failed to appear for a timely-noticed deposition on October 1, 2020. (*Id.*) The parties additionally request a thirty-day extension of the October 30, 2020 dispositive motion deadline, for the testimony of Defendant's Rule 30(b)(6) witness will be relevant for any dispositive motion. (*Id.*)

///

For good cause shown, the parties' joint motion (ECF No. 57) is **GRANTED**, and the operative Scheduling Order (ECF No. 47) is amended as follows:

1. The fact discovery cutoff is extended to **November 2, 2020**, so that Plaintiffs may reschedule and take the deposition of Defendant's Rule 30(b)(6) witness. All other fact and expert discovery must have been completed by October 2, 2020. (ECF No. 47.)

2. All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **November 30, 2020**.[1] Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

3. If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, after the expiration of the deadline set forth in paragraph 2, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines. The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

4. A Mandatory Settlement Conference will be conducted by video conference on **October 7, 2020**, at **9:00 AM** before Judge Burkhardt. (ECF No. 50.) The parties shall follow the mandatory instructions set forth in the Court's Order resetting and converting the Mandatory Settlement Conference to a video conference. (ECF No. 34.)

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[2] to negotiate and enter into a binding

---

[1] This deadline is not applicable to pretrial motions *in limine*. For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to

settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

**Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.**

5. A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

6. The dates and times set forth herein will not be modified except for good cause shown.

7. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum will exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated: October 5, 2020

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).